**Sargent PITCHER, Mover**

v.

**U. S. ATTORNEY, and Grand Jury Investigating Wiretapping.**

Misc. No. 623.

United States District Court
E. D. Louisiana.

Nov. 30, 1961.

———◆———

Sargent Pitcher, Jr., in pro. per., Baton Rouge, La., Sam J. D'Amico, James H. Hynes, Baton Rouge, La., for mover.

M. Hepburn Many, U. S. Atty., New Orleans, La., for the United States.

WEST, District Judge.

On November 13, 1961, a subpoena and subpoena duces tecum issued out of the United States District Court for the Eastern District of Louisiana, upon the application of the United States of America, directed to "Sargent Pitcher, District Attorney's Office, East Baton Rouge Parish, Baton Rouge, Louisiana". This was a subpoena to appear before a Federal grand jury in New Orleans, Louisiana, on November 17, 1961, to testify, and to produce certain records, documents, etc. of the office of the District Attorney for East Baton Rouge Parish, Louisiana. The Federal grand jury was, at that time, investigating possible criminal violations of Title 47, Sec. 605, of the U. S. Code annotated, pertaining to unauthorized interception and divulgence of telephonic communications. The subpoena, in part, read as follows:

"To Sargent Pitcher, District Attorney's Office, East Baton Rouge Parish, Baton Rouge, Louisiana

"You are hereby commanded to appear in the United States District Court for the Eastern District of Louisiana at Room 362 Post Office Building in the City of New Orleans, La. on the 17th day of November

1961 at 10:00 o'clock a. m. to testify before the Grand Jury and bring with you the following:

"All taped or other recordings, or transcripts of such recordings, and all records of the office of the District Attorney for East Baton Rouge Parish, including checks, vouchers, other financial records, investigation instructions and reports, memoranda, correspondence, etc., bearing on or relevant to intercepted telephone conversations involving Rabbi Norman Reznikoff, Rev. Irvin Cheney and Wade Mackie.

"This subpoena is issued on the application of the United States of America."

Immediately upon being served with this subpoena, on November 15, 1961, the District Attorney, Sargent Pitcher, Jr., filed with this Court a motion to quash, vacate and set aside the subpoena and subpoena duces tecum. Pursuant thereto, this Court, on the same day, issued an order to the United States Attorney for the Eastern District of Louisiana to show cause, if any he could, on December 1, 1961, why the subpoena and the subpoena duces tecum directed to Mr. Pitcher, the District Attorney for the Parish of East Baton Rouge, Louisiana, should not be "quashed, annulled and set aside" and further ordered that the said Mr. Pitcher was not required to appear before the grand jury pursuant to said subpoena until further order of this Court.

Thereafter, by consent of counsel, the hearing date was advanced to November 20, 1961, on which date full and complete arguments of both parties were heard by the Court. After argument, the matter was submitted to the Court, with both parties being ordered to submit written briefs in support of their contentions. Briefs were thereafter submitted and filed in the record.

In oral argument and in brief, the mover, Mr. Pitcher, contends that he, in his official capacity as District Attorney for the Parish of East Baton Rouge, State of Louisiana, should not be required to appear before the Federal grand jury, nor should he be required to present any records, documents, etc. of his office to the grand jury because (1) wiretapping is a State crime under the law of Louisiana; (2) the testimony sought pertains to violations of State law and is within "the province and jurisdiction of the State District Attorney; (3) the subpoenas are an "improper, unwarranted and unconstitutional attempt to invade and interfere with" the official business and affairs of the District Attorney of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana; (4) the jurisdiction of mover's office to investigate and prosecute criminal matters in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is "superior to if not at least equal to that exercised by the United States Attorney", and thus his office should be protected from "unwarranted interference and harrassment"; (5) to testify would require him to reveal the identity of "informers" and that mover has a privilege with regard to such information; (6) the subpoenas are "too indefinite, broad and general" in their terms; (7) the subpoenas constitute an "unlawful and unreasonable search and seizure"; (8) there is no showing of "materiality or pertinence" of the documents requested; and (9) neither he, nor any member of his staff, participated in any wiretapping. Also, in a supplemental brief filed by mover, it is further argued that Sec. 605 of the Federal Communications Act of 1934, in connection with which the grand jury investigation was conducted, is unconstitutional and thus the grand jury had no valid or constitutional act to support its investigation and hence had no right to issue the subpoena in question or to even investigate possible alleged violations of an unconstitutional act. This contention is based on the allegation that Sec. 605 of the Federal Communications Act of 1934 is "too vague and indefinite to support a criminal indictment or investigation and is thus unconstitutional".

After careful consideration of the issues presented, this Court concludes that there is not sufficient merit to the arguments of mover to justify this Court in annulling or quashing the subpoena in question. On the contrary, there seems to be ample authorities to support the conclusion that a District Attorney does not, because of his official status, enjoy an immunity from appearing and testifying before a Federal grand jury pursuant to a subpoena properly issued and served upon him. Whatever immunity or privilege a District Attorney, in his official capacity might have, would direct itself to the question of whether or not he could be compelled, while actually appearing before the grand jury, to answer certain specific questions propounded or to actually produce certain specific documents or other evidence for inspection by the grand jury rather than to the question of whether or not he can be compelled to *appear* before the grand jury pursuant to a subpoena issued and served upon him.

Counsel for mover cites many cases in his brief and in oral argument ostensibly in support of his position that a District Attorney, in his official capacity, has an immunity from complying with a subpoena to appear before a Federal grand jury. However, we do not find these cases apposite to the present situation. On the contrary, this Court comes to the inescapable conclusion that a District Attorney, like any other citizen, must obey a subpoena, properly issued, to appear before a Federal grand jury.

There is little doubt but that even the Attorney General of the United States may be reached by legal process. In the case of United States ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 421, 95 L.Ed. 417, a subordinate official in the Federal Bureau of Investigation had refused to produce certain official documents even though ordered by subpoena to do so. It was contended that he, the subordinate official, was specifically forbidden to do so by regulation issued by the Department of Justice pursuant to an Act of Congress, 5 U.S.C.A. § 22.

While the Court held that the subordinate official was, because of the regulation issued pursuant to an Act of Congress, justified in refusing to produce the documents requested without the approval of the Attorney General, nevertheless, it did not even intimate that the head of the department, in this case, the United States Attorney General, could refuse a proper judicial demand for the production of records. On the contrary, in a concurring opinion, Justice Frankfurter emphasized that the regulation was upheld by the Court only as a requirement that demands for production of official records must be made on the head of the department, and not upon a subordinate. He further said:

"In joining the Court's opinion I assume * * * that the Attorney General can be reached by legal process. Though he may be so reached, what disclosures he may be compelled to make is another matter. It will of course be open to him to raise those issues of privilege from testimonial compulsion which the Court rightly holds are not before us now. * * * To hold now that the Attorney General is empowered to forbid his subordinates, though within a court's jurisdiction, to produce documents and to hold later that the Attorney General himself cannot in any event be procedurally reached would be to apply a fox-hunting theory of justice that ought to make Bentham's skeleton rattle."

A similar question was presented in the recent case of N. L. R. B. v. Capitol Fish Company, 294 F.2d 868, 875 decided by the United States Court of Appeals, Fifth Circuit, on September 27, 1961. In this case, a trial examiner had quashed a subpoena issued at the request of the respondent to an attorney employee of the N. L. R. B. who had investigated and prepared the case for trial. In quashing the subpoena, the trial examiner found that since the attorney subpoenaed did not have authority from the General Counsel, as required by department regulation, to appear and testify, he

could not be forced by subpoena to do so. In reversing the ruling of the trial examiner, the Court of Appeals said:

"5 U.S.C.A. § 22 cannot be construed to establish authority in the executive departments to determine whether certain papers and records are privileged. Its function is to furnish the departments with housekeeping authority. It cannot bar a judicial determination of the question of privilege or a demand for the production of evidence found not privileged. * * * As a matter of comity, courts frequently do not require disclosure of the evidence when circumstances indicate that the records should be confidential; if the court wishes to scrutinize it to make sure, the evidence may be examined in camera. But the ultimate determination of the privilege remains with the courts. * * * Responsibility for deciding the question of privilege properly lies in an impartial independent judiciary—not in the party claiming the privilege and not in a party litigant."

Under the holding of the Capitol Fish Company case, supra, and the authorities cited therein, this Court concludes that a District Attorney does not, because of his official capacity, enjoy an immunity from appearing before a Federal grand jury if properly subpoenaed to do so.

While appearing before the grand jury pursuant to such a subpoena he may, of course, urge whatever privileges he may claim to have insofar as answering specific questions or producing specific documents or records is concerned. At that time it is for the Court to decide whether or not such matters are privileged and beyond the reach of a subpoena. But such privileges, if they do exist, cannot relieve him of the duty of appearing before the grand jury in accordance with the subpoena." Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." United States v. Reynolds, 345 U.S. 1, 9, 73 S.Ct. 528, 533, 97 L.Ed. 727.

In a supplemental brief filed herein by mover, it is contended that the very act, Sec. 605 of the Federal Communications Act of 1934, the possible violation of which is under investigation by the grand jury, is unconstitutional, and thus could not form the basis for the issuance of the subpoena in question. However, the question of the constitutionality of that act is not presently before this Court. The only question before this Court now is whether or not a District Attorney, because of his official status, is immune from subpoena to appear before a Federal grand jury. This Court has concluded that no such immunity exists.

The only other contention made by the District Attorney, Mr. Pitcher, as hereinabove set forth that does not necessarily direct itself to the question of privilege to be decided by the Court after appearance before the grand jury, is objection No. (6) relating to the scope of the subpoena. It is contended that the subpoena is too "indefinite, broad and general" in its terms. With this assertion the Court cannot agree. While as noted above, the subpoena does call for the production of various types of documents, records, etc., nevertheless, it is also self-limiting in that it calls for various documents, records, etc. only insofar as they pertain to certain, specified, intercepted telephonic conversations. In the absence of a privilege ultimately being established in connection with this requested evidence, the scope of the subpoena is not so broad or general as to be unreasonable or oppressive, and thus, the Court finds no merit in this contention.

For the reasons herein set forth, the motion to quash the subpoena and the subpoena duces tecum is hereby denied, and the previous order of this Court issued on November 15, 1961, relieving Sargent Pitcher, Jr. from the duty of appearing before the Federal Grand Jury in New Orleans, Louisiana, pursuant to said subpoena until further order of this Court is hereby rescinded, vacated and set aside.